UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TREVIS C. REYNOLDS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:15-CV-36-TAV-CCS |
| JEREMY UPHAM, individually and in his official capacity; CITY OF OAK RIDGE, TENNESSEE; and JOHN DOES 1-10, individually and in their official capacities; | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the Motion to Dismiss by Defendants City of Oak Ridge and Jeremy Upham [Doc. 7]. Defendants move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's claims that defendants violated his federal and state civil rights. Plaintiff has not responded, and his time in which to do so has passed. E.D. Tenn. R. 7.1, 7.2. For the reasons that follow, the Court will grant defendants' motion.

I. Background

According to the allegations in the complaint, plaintiff was wrongly arrested by defendant Jeremy Upham and other unknown police officers on January 15, 2014, for a shoplifting crime that was in fact committed by his roommate [Doc. 1 p. 2–4]. On the day prior to his arrest, plaintiff loaned his motor vehicle to his roommate, who drove it to

a Walmart in Oak Ridge, Tennessee, and proceeded to shoplift merchandise [*Id.* at p. 2]. Employees of the Walmart observed the shoplifting incident, followed plaintiff's roommate to plaintiff's motor vehicle, and recorded the vehicle's license plate number [*Id.*]. The employees then contacted the Oak Ridge Police Department, which dispatched defendant Upham and other unknown police officers to investigate [*Id.*].

In a subsequent affidavit of complaint, defendant Upham averred that upon arriving at the Walmart, he reviewed video surveillance footage of the shoplifting incident and compared the video footage to plaintiff's driver's license photo [*Id.* at p. 2–3; Doc. 1-1 p. 2]. Defendant Upham further averred that the person depicted in the footage matched the person depicted in plaintiff's driver's license photo [*Id.*]. Based on the information contained in defendant Upham's affidavit of complaint, a warrant for plaintiff's arrest was issued by a judge of the General Sessions Court of Anderson County, Tennessee [*Id.*].

The warrant was executed on January 15, 2014, when defendant Upham and other unknown police officers visited plaintiff's residence [Doc. 1 p. 3]. Upon their arrival, the police officers found both plaintiff and his roommate seated on a sofa [*Id.* at p. 3–4]. None of the police officers recognized plaintiff's roommate as the actual shoplifter, and despite plaintiff's protestations of innocence, the police officers placed plaintiff under arrest [*Id.* at p.4]. Plaintiff alleges that his physical appearance is so different than the physical appearance of his roommate that "the only logical conclusion a reasonable person can make is [that] [d]efendant Upham did not actually view the Walmart

2

surveillance video before seeking a warrant and arresting the [p]laintiff, and his allegations in his affidavit of complaint are false and were made knowing they were false" [Doc. 1 p. 3].

Upon his arrest, plaintiff was transported to the Anderson County Jail and later released on bond [*Id.* at p. 4]. On January 23, 2014, all charges against plaintiff were dismissed [*Id.*].

Plaintiff initiated this action on January 23, 2015, bringing claims for: (1) a violation of his federal constitutional rights, pursuant to 42 U.S.C. § 1983 and 1988[1]; (2) a violation of his state constitutional rights, pursuant to article I, section 17 of the Tennessee Constitution; and (3) false arrest under Tennessee law [*Id.* at p. 4–7]. Defendants' motion to dismiss followed.

## II.     Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations

---

[1] The Court notes that paragraph 1 of plaintiff's complaint, regarding jurisdiction, states that "[t]his is an action pursuant to 42 U.S.C. [§§] 1983, 1985, and 1988 for violations of [p]laintiff's constitutional rights guaranteed to him under the United States Constitution" [Doc. 1 p. 1]. Plaintiff's complaint does not thereafter cite 42 U.S.C. § 1985 in alleging any cause of action [*Id.* at p. 4–7]. Consequently, the Court concludes that plaintiff does not assert a § 1985 claim.

are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In doing so, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Although plaintiff has not responded to defendants' motion to dismiss, the Court nevertheless examines the motion in order to ensure that defendants have discharged their

burden of demonstrating that plaintiff has failed to state a claim upon which relief can be granted. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

## III. Analysis

Defendant characterizes plaintiff's § 1983 claim as being based on a theory of false arrest [Doc. 8 p. 3–5]. A police officer who has arrested a person pursuant to an arrest warrant may be found liable for false arrest under § 1983 upon a showing that the police officer knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that were necessary to the finding of probable cause for the warrant. *Sykes v. Anderson*, 625 F.3d 294, 305–08 (6th Cir. 2010). Defendants' characterization of plaintiff's § 1983 claim is a reasonable reading of the complaint. Therefore, in absence of a response from plaintiff to the contrary, the Court concludes that plaintiff is asserting a § 1983 claim for false arrest. *See* E.D. Tenn. R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Defendants argue that plaintiff has failed to state a claim to relief for false arrest under § 1983 because the claim is time-barred. "The statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (internal citations omitted). Thus, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* Nevertheless, dismissal on statute of limitations grounds under Rule 12(b)(6) is appropriate if "the allegations in the complaint

5

affirmatively show that the claim is time-barred." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

The statute of limitations for a § 1983 cause of action is the same as the limitations period for a personal injury claim provided by the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, the statute of limitations for a personal injury claim is one year.[2] Tenn. Code Ann. § 28-3-104(a)(1) (2013); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997). Therefore, in order for plaintiff's § 1983 claim to be timely, plaintiff must have brought his claim within one year of the cause of action accruing.

The accrual date of a § 1983 cause of action is a question of federal law. *Wallace*, 549 U.S. at 388. "Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)). When a § 1983 claim is based on a theory of false arrest, the cause of action "accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox*, 489 F.3d at 233 (citing *Wallace*, 549 U.S. at 387–90)). Thus, "where the

---

[2] Section 28-3-104 of the Tennessee Code Annotated recently has been amended to provide that the statute of limitations for a personal injury claim is two years in certain circumstances involving injuries caused by a person who subsequently has been prosecuted for the conduct giving rise to the cause of action. 2015 Tenn. Code Ann. Adv. Legis. Serv. Ch. 388 (LexisNexis). The effective date of the amendment was July 1, 2015, and it applies to "causes of action accruing on or after that date." *Id.* Therefore, the amendment does not affect the statute of limitations applicable to plaintiff's § 1983 claim.

arrest is followed by criminal proceedings," the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

In this case, plaintiff alleges that he was arrested on January 15, 2014, pursuant to an arrest warrant issued by the General Sessions Court of Anderson County, Tennessee [Doc. 1 p. 2–5; Doc. 1-1 p. 2]. The issuance of an arrest warrant constitutes legal process to detain a person. *See Baker v. McCollan*, 443 U.S. 137, 143 (1979) ("[S]ince the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."). Therefore, based on the allegations in the complaint, plaintiff was detained pursuant to legal process when he was arrested on January 15, 2014, and the statute of limitations for his § 1983 claim began to run on that date.

Plaintiff filed his complaint on January 23, 2015, one year and eight days after his cause of action for false arrest under § 1983 accrued. Because the allegations in plaintiff's complaint affirmatively show that his false arrest claim was brought outside of the one-year statute of limitations, plaintiff has failed to state a plausible claim to relief. Accordingly, plaintiff's § 1983 claim will be dismissed.

The Court has jurisdiction over plaintiff's remaining claims pursuant to its supplemental jurisdiction. 28 U.S.C. § 1367. Because the Court will dismiss the federal claim over which it has original jurisdiction, the Court declines to exercise jurisdiction over plaintiff's state law claims. *Id.* at § 1367(c)(3); *see Reynosa v. Schultz*, 282 F.

7

App'x 386, 390–91 (6th Cir. 2008) ("Ordinarily, where all federal claims have been dismissed, federal courts should decline to exercise supplemental jurisdiction over state law claims.").

IV.     **Conclusion**

For these reasons, the Motion to Dismiss by Defendants City of Oak Ridge and Jeremy Upham [Doc. 7] will be **GRANTED**, and plaintiff's action will be **DISMISSED**.

ORDER ACCORDINGLY.

<pre>
                            s/ Thomas A. Varlan
                            CHIEF UNITED STATES DISTRICT JUDGE
</pre>